TüRNEY, J.,
delivered the opinion of tbe Court.
Under tbe well-settled rule that, in summary proceedings, every fact which is necessary to give the Court jurisdiction, and to authorize the judgment, must be set out in the judgment as having been made to appear, the judgment in this case is a nullity.
On the 2d day of the January Term, 1869, of the Circuit Court for Tipton county, the following order is made of record, viz.:
James R. Sanford, administrator, with will annexed, of R. W. Sanford, deceased, v. A. P. Curry, James Ral-ston, A. Croker, and John H. Prickly. — Motion.
The Plaintiff moved the Court for judgment against the defendants for the failure of the defendant, A. P. Curry, Sheriff of Shelby county, to return an execution for $823 and costs in favor of R. H. Munford, executor of R. W. Sanford, against Mary J. Small, administratrix of Henry D. Small, issued on a judgment rendered at the January Term, 1866, on the 1st day of June last, directed and delivered to said sheriff, returnable to the last August Term of this Court.
On the 19th day of January, and at the same term of the Court, is a judgment, having the same style of parties as the order above quoted, being introduced by a motion by the attorney of plaintiff “for leave to amend this motion, so as it shall be in the name of R. H. Munford, executor of R. W. Sanford, who sues for the use of J. R. Sanford, administrator, with the will annexed, of R. W. Sanford, deceased,” which motion is sustained by the Court.
*64 Tbe judgment recites, “On the .1st day of June last, the clerk of this Court issued an execution directed to the sheriff of Shelby county, commanding him to make of the goods and chattels of H. D. Small in the hands of Mary J. Small to be administered, the sum of eight hundred and twenty-three dollars and seventeen cents, to satisfy a judgment for that sum obtained in the Circuit Court of Tipton county, on the 4th day of June, 1866, in favor of plaintiff,” etc.
It is also recited, “It appearing to the Court that notice of this motion, signed by the plaintiff, was served by the coroner of Shelby county on said defendant, A. P. Curry, on the 22d of December, 1868, being more than five days before the present term, it is therefore considered,” etc., proceeding to render judgment. The first objection occurs in the amendment, changing the name and character of the plaintiff; the judgment does not show why the change should be. If R. H. Mun-fund, the executor, in whose name the original judgment seems to have been obtained, had, at the time of this motion, been dead, or had theretofore resigned, it was necessary to have revived the suit by motion, in the name of his successor; to make the record a consistent and true history of the facts, the judgment should have shown the death or resignation of the executor, and the appointment of the administrator, with the will annexed. Instead, we have the anomaly of an executor sueing to the use of administrator of the same testator, the real plaintiff, so far as we can see - from this record, the only 'party entitled to handle the funds of the testator’s estate, becoming a nominal *65 plaintiff and a third person, a stranger without right, the real plaintiff and the only person, when the judgment shall be obtained, authorized to collect and control it. The recital that notice of the motion was served on the defendant Curry should have been extended to show that a time and a place Avere fixed by the notice. Whether that particular term of the Court or another is designated, or whether it is an indefinite notice that the motion will be made, the judgment leaves to conjecture.
It should perhaps be added that in Avhose name the motion was made, and in whose the judgment thereon obtained, is not very clear from this record to explain the alternate use of administrator, Avith the will annexed, and executor as applied to R. H. Mun-ford. It so appears in the record.
Reverse the judgment.